UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN STANLEY & CO., LLC, AND MORGAN STANLEY SMITH BARNEY, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>DAVID COUCH, <br><br>Defendant. | 1:15-cv-1291-LJO-JLT <br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS |

Defendant David Couch ("Couch") moves to dismiss Plaintiff's[1] Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See* Doc. 17-1 at 1-3. The Court finds it appropriate to rule on the motion without oral argument. *See* Local Rule 230(g). For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion.

# I. **FACTUAL AND PROCEDURAL BACKGROUND**[2]

Couch is a former MSSB employee. Doc. 1, Complaint ("Compl.") at ¶ 10. When joining, MSSB and Couch executed an employment agreement (Doc. 1-2, "Employment Agreement"), which contained an arbitration clause. *Id.* at ¶ 18; Employment Agreement at 5-6.

Last year, Couch brought suit against MSSB in this Court, which the parties litigated for over a year. *See generally Couch*, Docs. 31, 33, 36, 38-43, 71 at 5; *Couch*, 2015 WL 4716297, at *5. In June of

---

[1] Morgan Stanley & Co., LLC, and Morgan Stanley Smith Barney, LLC are two related corporate entities that the parties collectively refer to as one entity. The Court will refer to them collectively as "MSSB" or "the Firm."

[2] This case is related to *Couch v. Morgan Stanley*, No. 1:14-cv-10-LJO-JLT (E.D. Cal.). The Court will refer to that case as "the *Couch* case," and will refer the Court's order in that case resolving the case in MSSB's favor as "the MSJ Order." *Couch v. Morgan Stanley*, No. 1:14-cv-10, 2015 WL 4716297 (E.D. Cal. Aug. 6, 2015), *appeal docketed*, No. 15-16749 (9th Cir. Sept. 2, 2015). All references to the docket in the *Couch* case will be designated as, *e.g.*, "*Couch*, Doc. 1 at 1." The Court incorporates by reference the entire factual and procedural background of the MSJ Order, *Couch*, 2015 WL 4716297, at *1-7, but need not discuss that background in detail to resolve Couch's motion to dismiss.

1

2015, Couch filed a claim in arbitration with the Financial Industry Regulatory Authority ("FINRA") pursuant to the Employment Agreement's arbitration clause ("the Arbitration Claim"). *Couch*, 2015 WL 4716297, at *8; Doc. 1-4.[3] MSSB moved for summary judgment on all of Couch's claims in the *Couch* case, and moved to enjoin the FINRA arbitration. *Couch*, 2015 WL 4716297, at *8. The Court granted the summary judgment motion in its entirety, but denied MSSB's motion for an injunction on the ground MSSB was not entitled to any injunctive relief because it had no underlying claim in the *Couch* case. *Id.* at *24.

MSSB then brought this case. Compl. at 1. MSSB asserts causes of action for declaratory judgment and injunctive relief. In the former, MSSB seeks "[a] judicial declaration that Couch is barred by res judicata and/or collateral estoppel from bringing the Arbitration Claim, and/or that Couch has waived his right to arbitrate the Arbitration Claim." *Id.* at ¶ 31. Based on those assertions, MSSB's second claim seeks an order from this Court enjoining Couch's FINRA arbitration. *Id.* at ¶¶ 34-35. MSSB maintains an injunction is necessary because Couch "has asserted claims for money damages against MSSB in the FINRA arbitration and . . . unless enjoined will continue to pursue such claims to judgment." *Id.* at ¶ 34.

The Court recently granted MSSB's motion to enjoin preliminarily Couch's FINRA arbitration proceedings. *See Morgan Stanley & Co., LLC v. Couch*, __ F. Supp. 3d __, 2015 WL 5647946 (E.D. Cal. 2015) ("the PI Order"). In doing so, the Court found, among other things, that (1) it has jurisdiction over MSSB's declaratory relief claim[4]; (2) the Court, not a FINRA arbitrator, properly decides whether Couch waived his arbitration rights under the Employment Agreement; (3) MSSB is likely to succeed on the merits of its declaratory relief claim that Couch waived his arbitration rights under the Employment

---

[3] Couch has since amended the Arbitration Claim. *See* Doc. 12-3. That amendment, however, is not relevant to Couch's motion to dismiss.

[4] The Court did not decide whether it had jurisdiction over MSSB's injunctive relief cause of action or whether it stated a claim for relief, as neither was necessary for the resolution of MSSB's preliminary injunction motion.

Agreement because (4) Couch in fact did waive his arbitration rights under the Employment Agreement. *See* PI Order at *3-17. Among other reasons, the Court found Couch waived his arbitration rights because he litigated non-statutory claims in this Court—claims he was required to submit to FINRA arbitration under the Employment Agreement. *See id.* at *10.

Couch moves to dismiss on the grounds that (1) this Court lacks subject matter jurisdiction over MSSB's complaint and (2) neither of MSSB's two causes of action states a claim for relief.[5] Doc. 17 at 1. MSSB opposes on both grounds. Doc. 19 at 1.[6]

## II. STANDARDS OF DECISION

**A. Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

---

[5] The Court has considered the entire record, but will discuss only the aspects of it that are necessary to resolve Couch's motion to dismiss.

[6] While MSSB's motion to dismiss was pending, Couch filed a notice of appeal of the PI Order. Doc. 21. Shortly after the Court was poised to issue this order, Couch filed an amended notice of appeal of the PI Order, which he argues "divests the district court of the jurisdictional issues raised" in his motion to dismiss. Doc. 28 at 2 (citing *Townley v. Miller*, 693 F.3d 1041, 1042 (9th Cir. 2012)).

The PI Order is an interlocutory order, *see* Fed. R. App. Proc., Ninth Circuit Rule 3-3; 28 U.S.C. § 1291(a)(1), and "it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). *Townley* does not suggest otherwise. In that case, the district court entered a preliminary injunction, which was appealed immediately. 693 F.3d at 1042. The Ninth Circuit held only that "[t]he filing of . . . notices of appeal . . . divested the district court of jurisdiction *over the preliminary injunction*." *Id.* (emphasis added). Accordingly, the Court is divested of jurisdiction over the PI Order, but retains jurisdiction to rule on Couch's motion to dismiss. *See Idaho v. Coeur D'Alene Tribe*, No. 2:14-cv-170-BLW, 2014 WL 7237666, at *1 (D. Idaho Dec. 17, 2014); *Apple, Inc. v. Samsung Elec. Co., Ltd.*, No. 12-cv-630-LHK, 2014 WL 6687122, at *6 (N.D. Cal. Nov. 25, 2014); *Swan View Coalition v. Weber*, 52 F. Supp. 3d 1133, 1139-40 (D. Mont. 2014); *ACF Industries, Inc. v. Calif. State Bd. of Ed.*, 42 F.3d 1286, 1291 n.4 (9th Cir. 1994); *see also Am. Dev. Corp. v. Strack*, 81 F.3d 167, at *4 (9th Cir. 1996) (unpublished) ("It is a well-recognized exception to the general rule that appeals from orders granting or denying an injunction do not divest the district court of jurisdiction."); *Agha v. Sec'y of Army*, 19 F.3d 25, at *2 (9th Cir. 1994) (unpublished) (holding that the plaintiff's notice of appeal from denial of preliminary injunction did not divest district court of jurisdiction to grant the defendants' motion to dismiss).

A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

The present motion is a facial attack, because Couch "contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction." *Beco Dairy Automation, Inc. v. Global Tech Sys., Inc.*, __ F. Supp. 3d __, 2015 WL 2185121, at *4 (E.D. Cal. May 8, 2015) (internal citation and quotation omitted). In a facial attack, "the plaintiff is entitled to safeguards similar to those applicable when a 12(b)(6) motion is made." *Id*. "The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*; *see also Cassirer v. Kingdom of Spain*, 580 F.3d 1048, 1052 n. 2 (9th Cir. 2009), *rev'd on other grounds*, 616 F.3d 1019 (9th Cir. 2010) (en banc) (applying *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), standard to a facial motion to dismiss for lack of subject matter jurisdiction); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) ("[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, we take the allegations in the plaintiff's complaint as true.").

**B. Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the Plaintiffs should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III. DISCUSSION

**A. The Court Has Jurisdiction Over MSSB's Complaint.**

The Court must confirm at the outset that it has jurisdiction over MSSB's Complaint. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). As noted, the Court found it had subject matter jurisdiction over the Complaint when ruling on MSSB's preliminary injunction motion. The Court continues to find that it has subject matter jurisdiction over the case, but for different reasons.

MSSB alleged the Court has diversity jurisdiction over this case in its Complaint (Compl. at ¶ 8), and in its reply in support of its preliminary injunction motion (Doc. 15 at 6). In the PI Order, however, the Court found it had jurisdiction over this case on the ground that Couch hypothetically could file a petition to compel MSSB's participation in the FINRA arbitration under § 4 of the Federal Arbitration Act ("FAA") ("§ 4"), reasoning that this "threatened coercive action" confers the Court with subject matter jurisdiction over MSSB's declaratory judgment claim. PI Order at *5. The Court did not address MSSB's contention that the Court is vested with diversity jurisdiction. *See id.* at *3-5. On further consideration, the Court concludes the jurisdictional analysis is much more straightforward: the Court has diversity jurisdiction.

Couch argues—in his reply only—that the Court lacks diversity jurisdiction. *See* Doc. 24 at 10. Couch does not dispute that there is diversity of citizenship, but he does dispute whether MSSB has met its burden of establishing that the amount in controversy in this case exceeds the $75,000 required for federal jurisdiction under 28 U.S.C. § 1332. *Id.* Couch argues the amount in controversy should not be based on the amount at stake in his FINRA arbitration, but rather should be based on the costs MSSB would incur to comply with its sought-after injunction of the arbitration. Doc. 24 at 10.

Couch cites only to *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002), to support this proposition. *Simmons*, however, does not support Couch's position. In that case, the plaintiff sought, among other things, injunctive relief against his former employer in the form of reinstatement to his former position. *Id.* Noting that "[t]he amount in controversy *may* include the cost of complying with such an injunction," the court did not consider this cost to determine the amount in controversy because it was "negligible." *Id.* (emphasis added). The Court cannot locate any authority that remotely suggests Couch's argument that the amount in controversy in injunctive relief actions is determined exclusively by the cost the party seeking the injunction would incur to comply with the injunction.

On the other hand, a number of courts have held explicitly that the amount in controversy in a plaintiff's declaratory judgment claim seeking a determination of whether the plaintiff must submit to

6

arbitration with the defendant is determined by the amount at issue in the arbitration. *See, e.g.*, *Goldman, Sachs & Co. v. Golden Empire Schools Fin. Auth.*, 764 F.3d 210, 213 (2d Cir. 2014); *Household Bank v. JFS Group*, 191 F. Supp. 2d 1292, 1305-06 (M.D. Ala. 2002), *vacated on other grounds*, 320 F.3d 1249 (11th Cir. 2003); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996) (amount in controversy requirement is satisfied because difference to plaintiffs "between winning and losing the underlying arbitration will be $75,000"). This follows from the long-standing principle that the amount in controversy in declaratory judgment actions is determined "by the value of the object of the litigation." *Hunt v. Wash State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Analogously, the amount in controversy in a § 4 petition to compel arbitration is determined by the value of the parties' dispute proposed for arbitration. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009). Under either line of cases, the amount in controversy is determined by the amount at issue in the parties' underlying dispute. *See Garanti Finansal*, 697 F.3d at 67-68 (collecting cases).

Here, it is not in dispute that the parties are diverse and that Couch seeks well over $75,000 in the FINRA arbitration. Accordingly, the Court has diversity jurisdiction over MSSB's declaratory judgment claim.

In a scattershot, somewhat hard-to-follow approach, Couch provides numerous arguments as to why the Court lacks subject matter jurisdiction. As a threshold matter, Couch asserts the issue of whether he waived his arbitration rights was for a FINRA arbitrator, not the Court, to decide. *See* Doc. 12 at 10; Doc. 24 at 5.

For the reasons more thoroughly explained in the PI Order, the Court remains convinced that the issue is properly for the Court to decide. *See* PI Order at *5-8; *see also Hong v. CJ CGV Am. Holdings, Inc.*, 222 Cal. App. 4th 240, 256-58 (2013) (observing that the overwhelming majority of courts hold that waiver by litigation conduct is an issue presumptively for the courts to resolve). After further review, the Court finds that *Ocean View* unambiguously holds that the issue of whether a party waived its arbitration rights is presumptively for the Court to decide. *See* 533 F.3d at 1121 (holding that because

7

courts properly decide "the first gateway issue [of] whether the parties are *bound* by the arbitration clause," the district court properly decided whether "Ocean View revoked the clause through its own breach or waiver of the agreement to arbitrate" (emphasis in original)). As Judge O'Scannlain made clear in the opening paragraph of his dissent, he "disagree[d] with the [majority's] conclusion that the waiver issue was for the court to decide," reasoning that "whether or not the agreement to arbitrate was properly invoked, by either side, at any time, is a matter for the arbitrator to decide." *Id.* at 1126 (O'Scannlain, J., dissenting). In his view, the court should have remanded to the arbitrator "the issue[] of whether the arbitration provision was waived." *Id.* at 1127.

The Court likewise remains convinced that the Employment Agreement's arbitration clause does not contain "clear and unmistakable" evidence that the parties intended to arbitrate the waiver issue. *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 221-22 (3d Cir. 2007) (finding similar arbitration agreement similar did not contain "clear and unmistakable" evidence that the parties intended waiver to be decided in arbitration). Notably, Couch does not argue otherwise. Accordingly, the Court concludes that it decides whether Couch waived his arbitration rights.

Couch provides a number of arguments to support his position that the Court lacks subject matter jurisdiction because he allegedly cannot bring a § 4 petition to compel and, even if he could, such a petition would not confer subject matter jurisdiction on the Court. Because the Court concludes whether Couch can or will bring a § 4 petition to compel is irrelevant for jurisdictional purpose, the Court need not address these arguments. Nonetheless, to assure its jurisdiction, the Court will address Couch's claims that various Rules of the FINRA Code of Arbitration Procedure for Customer Disputes ("the Rules") divest the Court of jurisdiction.

Couch argues the Court lacks jurisdiction because MSSB is precluded from bringing this case under various Rules. Couch's interpretation of the Rules—in particular, Rules 13200, 13803, and 13804—is misguided. Couch essentially argues that Rule 13200 affords him an absolute right to arbitrate his claims, and that MSSB must participate in that arbitration under all circumstances. *See* Doc.

17-1 at 8 (arguing "MSSB is required to participate in the pending FINRA Arbitration" under Rule 13200). Rule 13200(a) provides, in relevant part, that "a dispute must be arbitrated under the [Rules] if the dispute arises out of the business activities of a member or an associated person and is between or among: Members; Members and Associated Persons; or Associated Persons." There is no dispute that, in the absence of the *Couch* case, the parties generally would be required to arbitrate the Arbitration Claim under Rule 13200. But Couch's interpretation of Rule 13200 effectively would render meaningless the waiver doctrine and its long-standing underlying precedent. Under his understanding of the Rule, he would be permitted to litigate any and all claims in federal court—including claims that should have been submitted only to FINRA arbitration under the Employment Agreement—and then subsequently bring a FINRA arbitration proceeding at any time. Unsurprisingly, Couch provides no support for this sweeping interpretation.

Couch argues that under Rule 13803MSSB was not permitted to file this suit or its motion for a preliminary injunction and, instead, was required move in the *Couch* case to consolidate in this Court the Arbitration Claim with his then-pending claims in the *Couch* case.[7] Couch simply re-hashes interpretive arguments that the Court rejected in the PI Order. *See* PI Order at *10 n.13. As the Court explained:

> Under FINRA Rule 13803(a)(1)(A), MSSB had *the option* to compel Couch to bring the claims in his Arbitration Claim before this Court in the Couch case so that all of the claims could be decided in one forum. If MSSB did so, the Court would have had the discretion to accept Couch's arbitration claims. *Id.*

PI Order at *10 n.13 (emphasis in original). As Couch apparently recognizes, MSSB was permitted—but not required—to bring a Rule 13803 motion in the *Couch* case to consolidate the Arbitration Claim with his then-pending claims before this Court. *See* Doc. 17-1 at 7 (Couch arguing that under Rule

---

[7] Couch does not indicate the applicable provision of Rule 13803 on which he bases his argument. The only relevant provision of Rule 13803 is subsection (a)(1)(A), which provides in full:

> If a current or former associated person files a statutory discrimination claim in court against a member or its associated persons, and asserts related claims in arbitration at FINRA against some or all of the same parties, a respondent who is named in both proceedings may, upon motion, compel the claimant to bring the related arbitration claims in the same court proceeding in which the statutory discrimination claim is pending, to the full extent to which the court will accept jurisdiction over the related claims.

13803 "the FINRA member *may* file a motion to compel the former associated person to bring the related arbitration in the pending court proceeding in which the statutory employment discrimination claim or claims are pending" (emphasis added)). Yet, Couch argues that, "[b]y this action, MSSB seeks to circumvent Rule 13803" because the Firm chose not to file a Rule 13803 motion to consolidate in the *Couch* case. Doc. 17-1 at 7. Put another way, Couch contradictorily (albeit implicitly) argues that MSSB had the discretion to file a Rule 13803 motion in the *Couch* case while simultaneously arguing that the Firm was required to do so. The plain language of Rule 13803 establishes that MSSB could have filed a Rule 13803 motion to consolidate in the *Couch* case, but it was not required to do so.

Ultimately, Couch's arguments concerning Rule 13803 are irrelevant. Even assuming MSSB was required to file a Rule 13803 motion in the *Couch* case, Couch provides no explanation as to why MSSB's not doing so would have any bearing on the Firm's ability to bring this suit.

The same can be said of Couch's argument that MSSB alleged violated Rule 13804. That Rule provides in relevant part that a party who seeks "a temporary injunctive order from a court" must (1) "file with the Director [of FINRA] a statement of claim requesting permanent injunctive and all other relief with respect to the same dispute in the manner specified under the [Rules]" and (2) "serve the statement of claim requesting permanent injunctive and all other relief on all other parties in the same manner and at the same time as the statement of claim is filed with the Director." Rule 13804(a)(2). Couch claims MSSB did not comply with the Rule. Even assuming MSSB's preliminary injunction motion in this Court constitutes a sought-after "temporary injunctive order" under Rule 13804, and that MSSB therefore failed to comply with the Rule, Couch provides no explanation or argument as to why this has any bearing on the litigation in this Court. *See* Doc. 17-1 at 4, 5, 8; Doc. 24 at 9.

Couch also seems to suggest that the Court lacks jurisdiction because FINRA is vested with the exclusive authority to interpret its rules and whether a party violated them, and those rules effectively preempt MSSB's declaratory judgment claim. *See* Doc. 17-1 at 5-6; Doc. 24 at 10-11. Again, these arguments are irrelevant, as they have no bearing on whether Couch was entitled to bring the Arbitration

Claim in the first place, or whether he waived his right to do so.

Finally, Couch notes that MSSB argued—in its reply in support of its motion for a preliminary injunction—that its declaratory judgment claim "is not about Couch's myriad claims against the Firm . . . [but] is about foreclosure." Doc. 15 at 7. Couch thus argues MSSB's declaratory judgment claim contains "a purported state law claim for 'foreclosure,'" Doc. 24 at 4, which should be dismissed because "the words [*sic*] 'foreclosure' nowhere appear within the four corners of the Complaint" and MSSB "nowhere identifies the elements of [its] alleged claim for foreclosure." Doc. 17-1 at 10. In addition, Couch makes numerous arguments in his reply that the Rules preempted MSSB's alleged foreclosure claim and the claim itself deprives the Court of jurisdiction. *See, e.g.*, Doc. 24 at 4, 5, 8, 10.

These nonsensical arguments merit no serious discussion; they are unpersuasive at best and disingenuous at worst. As MSSB explicitly explained in its opposition, it described this case as one "about foreclosure" because it seeks to prove that Couch "is *foreclosed* from bringing his claims in arbitration, whether by res judicata or by the doctrine of waiver." Doc. 19 at 14 n.4 (emphasis in original); *see also* Doc. 15 at 7 (MSSB stating this case is "about foreclosure" because "the doctrines of res judicata and/or waiver now bar" Couch's FINRA arbitration). It strains credulity for Couch to argue that MSSB's figuratively describing this case—*only* in its reply in support of its motion for a preliminary injunction—as one "about foreclosure" means that MSSB's declaratory judgment claim in fact is premised on a state law claim for "foreclosure." The Court agrees with MSSB that Couch's argument is premised on "a seemingly deliberate misreading of MSSB's preliminary injunction papers." Doc. 19 at 13 n.4.

Simply put, Couch fails to provide any persuasive argument as to why the Court lacks jurisdiction in this case. Accordingly, the Court DENIES his motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[8]

---

[8] "To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse

**B. Whether MSSB States a Claim.**

Couch moves to dismiss both of MSSB's causes of action under Fed. R. Civ. P. 12(b)(6) on the ground neither states a claim for relief. Doc. 17-1 at 10-12.

**1. Declaratory Judgment Claim.**

MSSB's first cause of action is for declaratory judgment. The Declaratory Judgment Act permits the federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Although the Act "enlarged the range of remedies available in the federal courts, [it] did not extend their jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

Couch argues MSSB's first claim for declaratory relief is not a stand-alone cause of action and therefore should be dismissed for failure to state a claim. Couch's primary argument in support is that "'[d]eclaratory relief is a procedural device for granting a remedy. It does not create any substantive rights or causes of action.'" Doc. 17-1 at 10 (emphasis and citation omitted). Couch provides no further authority or explanation as to how this proposition supports his assertion that MSSB's declaratory judgment claim should be dismissed for failure to state a claim. To the extent Couch argues that a declaratory judgment cause of action cannot exist as a "stand-alone" claim as a matter of law, substantial case law clearly establishes that Couch is incorrect. *See, e.g.*, *Kam-Ko Bio-Pharm Trade Co., Ltd.-Australasia v. Mayne Pharma (USA), Inc.*, 560 F.3d 935 (9th Cir. 2009); *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.*, 697 F.3d 59, 67-68 (2d Cir. 2012) (collecting cases).

Despite extensive research, the Court has not located much authority addressing a declaratory judgment plaintiff's claim seeking a declaration that the defendant has waived its arbitration rights. The

---

legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Shell Gulf of Mexico, Inc. v. Ctr. for Bio. Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The parties do not—and cannot—dispute that these conditions are satisfied in this case. The parties strenuously dispute whether Couch has the right to proceed with the already-filed FINRA arbitration (where potentially millions of dollars are at stake) and, as far as the Court can discern at this juncture, the only possible outcomes in this case are that the Court will permanently enjoin the arbitration (*i.e.*, MSSB prevails entirely) or will permit it to proceed (*i.e.*, Couch prevails entirely).

only entirely on-point cases of which the Court is aware are *Ameriprise Fin. Servs., Inc. v. Ekweani*, No. CV-14-00935-PHX-DGC, 2015 WL 1737417 (D. Ariz. Apr. 16, 2015), *appeal docketed*, No. 15–5866 (9th Cir. Apr. 29, 2015), *Morgan Stanley & Co., Inc. v. Seghers*, No. 10 Civ. 5378 (DLC), 2010 WL 3952851 (S.D.N.Y. Oct. 8, 2010), and *Iowa Grain Co. v. Brown*, 171 F.3d 504 (7th Cir. 1999).[9]

In *Ekweani*, as in this case, the plaintiff filed a declaratory judgment claim seeking a judicial declaration that it was not required to arbitrate a dispute with the defendant, Ekweani, because Ekweani had waived his contractual arbitration rights by (1) filing suits against the plaintiff and (2) opposing the plaintiff's motions to compel arbitration of the plaintiff's claims. *Id.* at *2-4. The court agreed with the plaintiff and issued an order declaring that Ekweani had waived his right under the parties' agreement to arbitrate his claims against the plaintiff. *Id.* at *6.

Likewise, in *Seghers*, Morgan Stanley successfully brought a declaratory judgment action in which it sought to enjoin the FINRA arbitration the defendant had initiated. 2010 WL 3952851, at *1-2. Morgan Stanley argued that the defendant's filing a federal court case and "participating in the motion practice that resulted in a final judgment in that action" constituted a waiver of the defendant's arbitration rights. *Id.* at *5-6. Accordingly, the court enjoined the defendant's FINRA arbitration. *Id.* at *7.

In *Iowa Grain*, 171 F.3d at 505, as in *Ekweani*, the plaintiff filed suit "seeking a declaratory judgment that would relieve it of a contractual obligation to arbitrate certain claims" with the defendants on the ground they had waived their arbitration rights by litigating a case in federal court. *Id.* at 505. The Seventh Circuit affirmed the district court's finding that the defendants had not waived their arbitration rights and, in doing so, made no indication that the plaintiff's declaratory judgment suit was improper or impermissible. *Id.* at 506.

Although *Ekweani*, *Seghers*, and *Iowa Grain* are the only cases of which the Court is aware that

---

[9] The Sixth Circuit addressed a declaratory judgment plaintiff's claim that the defendant waived its rights in an unpublished decision in *Mantaline Corp. v. PPG Indus., Inc.*, 225 F.3d 659 (6th Cir. 2000).

involved a plaintiff seeking a declaratory judgment that a party had waived its arbitration rights, federal courts routinely entertain "contract-based challenges to the validity of arbitration agreements," *see Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1190-20 (9th Cir. 2008), particularly in the context of an opposition to a § 4 petition to compel. *See id.* at 1120 n.2 ("Other courts have considered waiver as a defense to a motion to compel arbitration." (collecting cases)). Similarly, federal courts routinely entertain declaratory judgment claims seeking a judicial determination of a party's contractual rights and obligations. *See, e.g.*, *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959); *Columbian Fin. Corp. v. Bancinsure Incorp.*, 650 F.3d 1372, 1377 (10th Cir. 2011) (collecting cases). And a number of courts have addressed a declaratory judgment plaintiff's request to declare that an arbitration agreement is unenforceable or did not permit certain arbitration proceedings brought against the plaintiff. *See, e.g.*, *A.T. Cross Co. v. Royal Selangor(s) PTE, Ltd.*, 217 F. Supp. 2d 229 (D.R.I. 2002); *UBS Securities LLC v. Voegeli*, 684 F. Supp. 2d 351 (S.D.N.Y. 2010), *aff'd*, 405 Fed. App'x 550 (2d Cir. 2011); *Morgan Keegan & Co. v. Shadburn*, 829 F. Supp. 2d 1141 (M.D. Ala. 2011); *UBS Fin. Servs., Inc. v. Carilion Clinic*, 706 F.3d 319 (4th Cir. 2013); *Goldman, Sachs & Co. v. Golden Empire Schools Fin. Auth.*, 922 F. Supp. 2d 435 (S.D.N.Y. 2013), *aff'd*, 764 F.3d 210 (2d Cir. 2014); *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733 (9th Cir. 2014).[10]

The rationale underlying these cases is that a party is not required to arbitrate disputes where the party initiating the arbitration has no right to do so, whether because the dispute submitted to arbitration is beyond the scope of the parties' arbitration agreement or the agreement is unenforceable. *See, e.g.*, *Voegeli*, 405 Fed. App'x at 552 ("UBS is not legally obligated to arbitrate [these claims] . . . and the lack of an injunction would result in UBS effectively being required to do so"); *Carilion Clinic*, 706 F.3d 319 (plaintiff seeking declaratory judgment that defendant waived arbitration rights); *Ocean View*, 533 F.3d at 1121 (district court properly decided defenses of waiver and breach of arbitration agreement to § 4

---

[10] MSSB candidly admits that it "modeled its Complaint on the declaratory judgment action filed by the plaintiff in *City of Reno*." Doc. 19 at 13 n.5.

petition to compel arbitration). Given this principle, it follows that a plaintiff may bring a declaratory judgment claim seeking a declaration that the defendant may not proceed with arbitration against the plaintiff because the defendant has waived its arbitration rights. Couch provides no compelling reason why MSSB cannot do so here, and the Court cannot conceive of one.[11] *See Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) (noting that under FAA § 2 a party may avoid enforcement of an arbitration agreement by invoking defenses to "the enforcement of any contract"). If the Court "has the authority to determine whether there is a valid arbitration agreement between the parties," *In re Sussex*, 781 F.3d 1065, 1071 (9th Cir. 2015), as it does here, then the Court has the authority to declare that there is no valid arbitration agreement between the parties. *See Ocean View*, 533 F.3d at 1121-22

To find that MSSB cannot bring its declaratory judgment claim would require MSSB would to (1) litigate the issue of whether Couch waived his arbitration rights in the FINRA arbitration or (2) refuse to participate in the arbitration and raise the issue as a defense to a § 4 petition to compel brought by Couch. Because the latter scenario is not certain, MSSB potentially would have to wait to raise the issue of waiver in the FINRA arbitration, thereby participating in an arbitration that it contends Couch had no right to initiate in the first place. Permitting either scenario would be counterproductive and contrary to the purpose of the Declaratory Judgment Act, which is "to allow potential defendants to file preemptive litigation to determine whether they have any legal obligations to their potential adversaries." *Shell Gulf*, 771 F.3d at 635. That is precisely what MSSB has done here—MSSB seeks a judicial determination as to whether the Firm is legally obliged to participate in Couch's FINRA arbitration. Accordingly, the Court DENIES Couch's motion to dismiss MSSB's declaratory judgment claim.

**2. Injunctive Relief Claim.**

Couch moves to dismiss MSSB's second cause of action for injunctive relief on the ground it

---

[11] Again, Couch provides no valid argument as to why the claim should be dismissed other than arguing that, as a matter of law, it cannot exist as a "stand-alone" cause of action. Couch does not argue, for instance, that it fails to allege facts that state a claim.

fails to state a claim because it "is not a cause of action upon which relief can be granted." Doc. 17-1 at 11. MSSB essentially does not dispute this assertion. *See* Doc. 19 at 13.

As numerous federal district courts have recognized, "injunctive relief is a remedy and not, in itself, a cause of action." *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 964 (N.D. Cal. 2012) (collecting cases). This does not preclude MSSB from pursuing its sought-after injunctive relief as a remedy for its declaratory judgment claim, but that relief cannot be maintained as a separate, standalone cause of action. *See Powell v. Wells Fargo Home Mortgage*, No. 14-cv-4248-MEJ, 2015 WL 4719660, at *9 (N.D. Cal. Aug. 7, 2015) (citing *Owens v. Wells Fargo Bank, N.A.*, No. C 09-3354 PJH, 2009 WL 3353313, at *5 (N.D. Cal. Oct. 16, 2009) ("Because a request for injunctive relief by itself does not state a cause of action, this claim is dismissed for failure to state a claim upon which relief may be granted.")). Accordingly, the Court GRANTS WITHOUT LEAVE TO AMEND Couch's motion to dismiss MSSB's injunctive relief claim.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Couch's motion to dismiss MSSB's declaratory judgment claim and GRANTS WITHOUT LEAVE TO AMEND Couch's motion to dismiss MSSB's injunctive relief claim.

IT IS SO ORDERED.

Dated:    **October 22, 2015**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

16