UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN STANLEY & CO., LLC, AND MORGAN STANLEY SMITH BARNEY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID COUCH,<br><br>Defendant. | 1:15-cv-1291-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO STAY THE CASE (Doc. 31) |

## I. INTRODUCTION

Defendant David Couch ("Couch") has applied *ex parte* to stay this entire action pending the resolution of his appeal of the Court's preliminary injunction against an arbitration proceeding he initiated before the Financial Industry Regulatory Authority ("FINRA"). Doc. 31. Plaintiffs Morgan Stanley & Co., LLC, and Morgan Stanley Smith Barney, LLC (collectively, "MSSB" or "the Firm"[1]) oppose staying the case. Doc. 34.

The Court did not set a hearing for the application and the parties did not request one. The Court finds it appropriate to rule on the application without oral argument. *See* Local Rule 230(g). For the following reasons, the Court GRANTS Couch's application to stay the case.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

MSSB filed this declaratory judgment action, seeking a judicial declaration that Couch waived

---

[1] Plaintiffs are two related corporate entities that the parties collectively refer to as one entity. The Court will refer to them collectively as "MSSB" or "the Firm."

[2] The Court has considered the entire record, but will discuss only the aspects of the case that are necessary to rule on Defendant's application. What follows is a brief recitation of the facts and procedural history, which are fully addressed in the Court's previous orders concerning this matter. *See* No. 1:14-cv-10-LJO-JLT, *Couch v. Morgan Stanley*, 2015 WL 4716297 (E.D. Cal. Aug. 6, 2015), *appeal docketed*, No. 15-16749 (9th Cir. Sept. 2, 2015); *Morgan Stanley & Co., LLC v. Couch*, __ F. Supp. 3d __, 2015 WL 5647946 (E.D. Cal. 2015) ("the PI Order"), *appeal docketed*, No. 15-17092 (9th Cir. Oct. 21, 2015); *Morgan Stanley & Co., LLC v. Couch*, No. 1:15-cv-1291-LJO-JLT, 2015 WL 6447391 (E.D. Cal. Oct. 22, 2015) ("the MTD Order").

1

his rights under the parties' "Employment Agreement" to initiate FINRA arbitration proceedings ("the FINRA Arbitration").[3] Shortly after, MSSB moved to enjoin preliminarily those proceedings. Doc. 9. The Court granted the motion, finding, among other things, that (1) the Court has jurisdiction over MSSB's declaratory relief claim; (2) the Court, not a FINRA arbitrator, properly decides whether Couch waived his arbitration rights under the Employment Agreement; and (3) MSSB is likely to succeed on the merits of its declaratory relief claim that Couch waived his arbitration rights under the Employment Agreement because (4) Couch in fact did waive his arbitration rights under the Employment Agreement. *See* PI Order at *3-17.

Within days, Couch moved to dismiss MSSB's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. 17 at 1. Couch argued that, for numerous reasons, FINRA arbitrators, not the Court, have jurisdiction over this case and, in any event, MSSB's complaint did not state a claim. *See* MTD Order, 2015 WL 6447391, at *2 n.6, 4-7. While the parties briefed Couch's motion to dismiss, Couch filed a notice of appeal of the PI Order, as well as an amended notice of appeal. Docs. 21, 28. In the latter—filed after Couch replied regarding his motion to dismiss and shortly before the Court was poised to rule on the motion—Couch argued that his notices of appeal divested the Court "of the jurisdictional issues raised in [his] Motion to Dismiss." Doc. 28 at 2 (citing *Townley v. Miller*, 693 F.3d 1041, 1042 (9th Cir. 2012)).

The Court granted in part and denied in part Couch's motion to dismiss. *See* MTD Order at *1. The Court found, among other things, that Couch's notices of appeal did not divest the Court of jurisdiction to rule on the motion. *See id.* at *2 n.6. Accordingly, the Court considered the motion, granting it in part and denying it in part. *See id.* at *10.

MSSB then moved for summary judgment, seeking an order from the Court (1) declaring that Couch has waived his right to pursue any arbitration claims against MSSB and (2) permanently

---

[3] Plaintiff also argues that Couch's FINRA arbitration proceedings are barred under the doctrine of res judicata. *See* Doc. 1 at ¶ 3. The Court has not and will not address that argument.

enjoining the FINRA Arbitration. Doc. 30-1 at 2. In response, Couch filed the application to stay the case pending the resolution of his appeal of the PI Order. *See* Doc. 31. Couch contends that this case should be stayed until the Ninth Circuit resolves the appeal because the appeal will address a number of issues that bear on the Court's jurisdiction to determine whether Couch waived his arbitration rights and the Court's authority to enjoin the FINRA Arbitration. *See id.* at 5-6. Specifically, Couch states that the Ninth Circuit will be required to address "at least the following issues":

> (i) whether this Court has jurisdiction to adjudicate defenses to the claims that are the subject of the pending FINRA Arbitration; (ii) whether the Declaratory Judgment Act on which the Complaint relies can be used to preempt and prejudice issues that are committed for initial decision to FINRA; (iii) whether, assuming the Court has jurisdiction to issue a preliminary injunction, does the Court have jurisdiction to issue a permanent injunction or is such relief pre-empted by FINRA Rule 13804; (iv) whether the DJA claim asserted by Plaintiff which challenges the operation of the FINRA Industry Arbitration program is pre-empted by, inter alia, FINRA Rules 13200, 13803, 13804 and 13814 where, as here, there is no dispute that the parties are bound by the FINRA Rules of Arbitration and arbitration agreements which are self-executing; (v) whether FINRA Arbitration Rule 13413 vests the FINRA Arbitration panel with "the authority to interpret and determine the applicability of all provisions under the Code"; and (vi[]) whether Couch is entitled to proceed before FINRA in connection with his claims against MSSB that arise in connection with MSSB's recent alleged violation of the FINRA Arbitration Rules.

*Id.* Couch therefore insists that this case should be stayed in its entirety to conserve the time and resources of the Court and the parties, and to "avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Id.* at 8.

### III. DISCUSSION

**A.     Jurisdiction Over Issues Raised in Summary Judgment Motion.**

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). But, "an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990); *see also* Fed. R.

Civ. P. 62(a)(1). Thus, the Ninth Circuit's jurisdiction under 28 U.S.C. § 1292(a)(1),[4] which permits appeals from preliminary injunctions, "extends only to the matters inextricably bound up with the injunctive order from which the appeal is taken." *Paige v. State of Calif.*, 102 F.3d 1035, 1039 (9th Cir. 1996) (citation and quotation marks omitted).

This so-called "divestment rule" is a "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time . . . [and] is a rule of judicial economy and not one that strips the district court of subject matter jurisdiction." *Calif. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120-21 (9th Cir. 2002) (citation and quotation marks omitted). The "principle of divestiture is not absolute; there are exceptions." *United States v. Phelps*, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002) (citation omitted). For instance, "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Nat. Res. Def. Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

Relying primarily on *Plotkin v. Pac. Tel. & Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982), MSSB argues that the Court retains jurisdiction to rule on its motion for summary judgment. Although *Plotkin* broadly held that "it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case," *id.*, that decision came shortly before the Supreme Court's decision in *Griggs*. *Plotkin* is difficult to reconcile with the central holding in *Griggs*—that a notice of appeal divests district courts of jurisdiction "over those aspects of the case involved in the appeal."

In *Plotkin*, "the district court denied a preliminary injunction requested by the plaintiffs, holding

---

[4] It appears likely that the Ninth Circuit will base its jurisdiction on 9 U.S.C. § 16(a)(2). *See Se. Res. Recovery Facility Auth. v. Montenay Int'l Corp.*, 973 F.2d 711, 712 (9th Cir. 1992) ("this court has jurisdiction pursuant to 9 U.S.C. § 16(a)(2) (appeal may be taken from an order enjoining arbitration)"). Although the Court cannot locate any case from any jurisdiction discussing a district court's jurisdiction pending an appeal brought under 9 U.S.C. § 16(a)(2), given that statute's substantive and textual similarity to 28 U.S.C. § 1291(a)(1), the Court concludes that precedent concerning the latter should apply to cases concerning the former.

4

that they had failed to exhaust their available administrative remedies which deprived the court of subject matter jurisdiction." 688 F.2d at 1292. The plaintiffs appealed that decision. *Id.* While the appeal was pending, the district court granted the defendant's motion for summary judgment, "holding once again that [one of the plaintiffs] had failed to exhaust his administrative remedies which again deprived the court of subject matter jurisdiction." *Id.* The court then "discussed the merits of the case and concluded that even if the plaintiffs were not required to exhaust their administrative remedies, they would not be entitled to the relief sought." *Id.* The plaintiffs' preliminary injunction appeal and the defendant's motion for summary judgment therefore involved precisely the same issue—whether the plaintiffs had exhausted their administrative remedies. Nonetheless, the Ninth Circuit held that the district court had jurisdiction to enter summary judgment for the defendant during the pendency of the plaintiffs' interlocutory appeal from the preliminary injunction. *Id.* at 1293.

Subsequent Ninth Circuit decisions applying *Griggs*, however, have winnowed down *Plotkin*'s broad holding. *See, e.g.*, *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) ("[D]uring an interlocutory appeal, the district court retains jurisdiction to address aspects of the case that are not the subject of the appeal"); *Britton*, 915 F.2d at 1411 ("where an appeal is taken from a judgment which does not finally determine the action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal"). Read together, *Plotkin* and *Griggs* stand for the proposition that "the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues *involved in that appeal*." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (emphasis added).

What this case ultimately boils down to is whether the Court can and should permanently enjoin Couch from pursuing his FINRA Arbitration. Couch has made it abundantly clear that he believes the Court lacks the jurisdiction and authority to enjoin the FINRA Arbitration and that he intends to challenge on appeal the Court's contrary conclusions in the PI Order. Couch contends not only that the Court cannot decide whether he waived his arbitration rights, but also argues that the Court is not

5

empowered to enjoin the FINRA Arbitration. Thus, the heart of this case—whether the FINRA Arbitration can and should be enjoined and, if so, who should decide that issue—is currently on appeal before the Ninth Circuit. The Court therefore concludes Couch's notices of appeal divest the Court of jurisdiction over the core issue presented in MSSB's motion for summary judgment, which necessarily renders the Court without jurisdiction to rule on the motion. *See Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) ("The effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal.") (citing *Griggs*, 459 U.S. 56).

**B.    Conflict With Ruling On and Jurisdiction Over Couch's Motion to Dismiss.**

This ruling conflicts with the Court's conclusion in the MTD Order that Couch's notices of appeal did not divest the Court of jurisdiction to rule on Couch's motion to dismiss. MTD Order at *2 n.6. Specifically, the Court stated:

> The PI Order is an interlocutory order, *see* Fed. R. App. Proc., Ninth Circuit Rule 3-3; 28 U.S.C. § 1291(a)(1), and "it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). *Townley* does not suggest otherwise. In that case, the district court entered a preliminary injunction, which was appealed immediately. 693 F.3d at 1042. The Ninth Circuit held only that "[t]he filing of . . . notices of appeal . . . divested the district court of jurisdiction *over the preliminary injunction*." *Id.* (emphasis added). Accordingly, the Court is divested of jurisdiction over the PI Order, but retains jurisdiction to rule on Couch's motion to dismiss.

*Id.* (citations omitted).

This ruling, issued without the benefit of briefing on the jurisdictional issue, does not accurately reflect the state of the law outlined above. Applying the correct standard, it appears that the Court erred[5] in concluding it had jurisdiction to rule on the central issues raised in Couch's motion to dismiss. Although Couch provided many different arguments in his opposition to MSSB's preliminary motion

---

[5] *See Gonzales v. U.S. Dep't of Homeland Sec.*, 712 F.3d 1271, 1277 (9th Cir. 2013) (noting that an exception to the law of the case doctrine is when "the decision is clearly erroneous and its enforcement would work a manifest injustice"). But the Court still may rule on Couch's application for a stay because the Court retains diversity jurisdiction to proceed with issues not at issue in the PI Order (*e.g.*, whether it is appropriate to stay the case). *See Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10-cv-541-GPC (WVG), 2015 WL 1537866, at *1-2 (S.D. Cal. Mar. 16, 2015) (collecting cases).

than in his motion to dismiss its complaint, the thrust of his primary arguments in both were that (1) the Court lacks the jurisdiction and authority to enjoin the FINRA Arbitration; (2) FINRA arbitrators, not the Court, should decide whether he waived his right to pursue the FINRA Arbitration; and (3) MSSB's complaint does not state a valid cause of action. The MTD Order rejected these arguments; however, Couch's notices of appeal divested the Court of jurisdiction to address them, as they are "inextricably bound up" with the appeal. *Paige*, 102 F.3d at 1039. Therefore, the Court *sua sponte* VACATES the MTD Order for lack of jurisdiction. *See United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (holding that a district court may *sua sponte* reconsider and rescind a prior interlocutory ruling over which it has continuing jurisdiction).

C.     **Staying the Remainder of the Case.**

In general, "a district court possesses the inherent power to control its docket and promote efficient use of judicial resources." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted). The decision to stay a case is "an exercise of judicial discretion," the propriety of which "is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009).

Although the Court retains jurisdiction "over matters ancillary to the appeal," there is no apparent need for any further motions that concern aspects of the case unrelated to the PI Order. *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015) (after notice of appeal of order requiring arbitration, district court retained jurisdiction to seal the case "pursuant to its inherent supervisory power over its own records"). The parties therefore do not dispute that all there remains for the Court to do in this case is to rule on MSSB's motion for summary judgment, as there appears to be no dispute that "the only possible outcomes in this case are that the Court will permanently enjoin the arbitration (*i.e.*, MSSB prevails entirely) or will permit it to proceed (*i.e.*, Couch prevails entirely)." MTD Order at *7 n.8. Ruling on that motion will require the Court to determine with finality (1) whether the Court or a FINRA arbitrator decides if Couch waived his arbitration rights; (2) whether he in fact waived his

arbitration rights; and, (3) if so, whether the Court can and should enjoin the FINRA Arbitration due to his waiver. These are the only issues that must be decided in this litigation, and the Ninth Circuit will be required to resolve them when ruling on Couch's appeal of the PI Order. "[T]o avoid the . . . waste of time that might flow from putting the same issues before [the Ninth Circuit and this Court] at the same time," *Commercial Realty Projects*, 309 F.3d at 1120 (citation omitted), the Court elects to exercise its "inherent power to control its docket and promote efficient use of judicial resources," *Dependable Highway*, 498 F.3d at 1066, and STAYS this case until the Ninth Circuit resolves Couch's appeal of the PI Order.[6]

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court

1. GRANTS Couch's ex parte application to stay this case until the Ninth Circuit resolves his appeal of the PI Order[7] (Doc. 31); and

2. VACATES the Court's October 23, 2015 MTD Order (Doc. 29).

IT IS SO ORDERED.

Dated:   **November 17, 2015**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

---

[6] Although Couch requests that this case be stayed "in its entirety," his request does not appear to encompass staying the enforcement of the PI Order; his request is better understood as requesting a stay on only further proceedings. *See* Doc. 31 at 3 (Couch requesting "an immediate stay of the action, including, but not limited to, any further briefing or discovery, in connection with Plaintiffs' summary judgment motion").

[7] This stay does not apply to the PI Order itself, which remains in effect.